UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS' LOCAL NO. 25 PENSION FUND;
IRON WORKERS' LOCAL UNION NO. 25
INDIVIDUAL ACCOUNT RETIREMENT FUND;
IRON WORKERS' HEALTH FUND OF EASTERN
MICHIGAN; IRON WORKERS LOCAL NO. 25
VACATION PAY FUND; and IRON WORKERS'
APPRENTICE FUND OF EASTERN MICHIGAN,
Trust Funds Established and Administered
Pursuant to Federal Law,

       Plaintiffs/Counter-Defendants,

v.

SOVA STEEL, INC., a Michigan corporation,
SOVA GROUP, LLC, a Michigan limited
liability company, and ALEX M. SOVA, Individually,
SSI Contracting, LLC, a Michigan limited liability
company,

       Defendants/Counter-Plaintiffs.

Case No.: 08-cv-13074-SDC
Hon.: Sean F. Cox

_____/

| **DAVID J. SELWOCKI  P51375** | **GERALD VAN WYKE  P21785** |
|---|---|
| Sullivan, Ward, Asher & Patton, P.C. | Gerald Van Wyke, P.C. |
| Attorney for Plaintiffs/Counter-Defendants | Attorney for Defendants/Counter-Plaintiffs |
| 25800 Northwestern Highway, Suite 1000 | 5440 Corporate Drive, Suite 250 |
| Southfield, MI  48075-1000 | Troy, Michigan  48098-2648 |
| 248.746.0700 | 248.641.7000 |

_____/

## AMENDED COMPLAINT

**NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint against Defendants, SOVA STEEL, INC., SOVA GROUP, LLC, SOVA Contracting, LLC, and ALEX M. SOVA, Individually, state as follows:

    1.    Plaintiffs IRON WORKERS' LOCAL NO. 25 PENSION FUND, IRON WORKERS' LOCAL UNION NO. 25 INDIVIDUAL ACCOUNT RETIREMENT FUND, IRON WORKERS' HEALTH FUND OF EASTERN MICHIGAN, IRON WORKERS LOCAL NO. 25 VACATION PAY

FUND and IRON WORKERS' APPRENTICESHIP FUND OF EASTERN MICHIGAN (hereinafter referred to as "FUNDS"), are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with administrative offices located in the City of Novi, Oakland County, Michigan.

2. Defendant SOVA STEEL, INC., is a Michigan corporation that has offices, and/or conducts business in the State of Michigan (hereinafter "SOVA STEEL").

3. Defendant SOVA GROUP, LLC, is a Michigan limited liability company that has offices, and/or conducts business in the State of Michigan (hereinafter "SOVA GROUP").

4. Defendant SSI CONTRACTING, LLC, is a Michigan limited liability company that has offices and/or conducts business in the State of Michigan ("SSI").

5. Defendant ALEX M. SOVA (hereinafter referred to as "SOVA") is the principal owner and officer of Defendant SOVA STEEL, and was responsible with others for running the day-to-day operations of the Company and responsible for all decisions pertaining to payment of contributions to Plaintiff FUNDS, including decisions whether to pay such contributions.

6. Defendant SOVA STEEL is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Individual Defendant is an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5) and are thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

7. The Plaintiff FUNDS are administered by a Joint Board of Trustees, pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The Plaintiff FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore

entered into between Local Union No. 25, International Association of Bridge, SOVA STEEL and Ornamental Iron Workers, AFL-CIO (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

8. At all times relevant hereto, Defendant SOVA STEEL, was signatory to a Collective Bargaining Agreement with the Union.

9. Plaintiff FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

10. Pursuant to the terms and provisions of the Collective Bargaining Agreement between SOVA STEEL and the Union, and SOVA STEEL agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by SOVA STEEL is covered by the Agreement.

11. That pursuant to the Collective Bargaining Agreements, Defendant SOVA is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 26th day of the month following the month in which the hours were worked.

12. Pursuant to the provisions of the Collective Bargaining Agreement and the Trust and Plan documents of the Fringe Benefits Funds, contributions become vested Plan assets when due.

13. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection and attorney fees.

14. That, pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder

are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement

15.     That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and 29 USC §1145.

16.     This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer.

## COUNT I -
## Breach of Collective Bargaining Agreement and 29 USC §1145

17.     Plaintiffs reallege and incorporate the allegations as set forth in paragraphs 1 through 16 above as though fully set forth herein.

18.     That notwithstanding its contractual obligations, Defendant has failed and refused to pay the obligation, therefore violating the contract.

19.     By the above described omissions and breaches of the Collective Bargaining Agreement by SOVA STEEL, the Trustees of the IRON WORKERS' LOCAL NO. 25 PENSION FUND may be required to deny employee beneficiaries of such Fund, for whom contributions have not been made, the benefits provided thereunder, thereby causing to such employee beneficiaries substantial and irreparable damage.

20.     That by the above described omissions and breaches of the Collective Bargaining Agreement by SOVA STEEL the Trustees of the IRON WORKERS' HEALTH FUND OF EASTERN MICHIGAN may be required to provide to employees of the Corporate Defendant benefits provided thereunder, notwithstanding the failure of Defendant to make the proper contributions thereto, thereby reducing the corpus of such health fund and endangering the rights of employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

21.   That by the above described omissions and breaches of the Collective Bargaining Agreement by SOVA STEEL, the Trustees of the IRON WORKERS' APPRENTICESHIP FUND OF EASTERN MICHIGAN will be unable to provide proper training to Iron Worker Apprentices, all to the substantial and irreparable injury to the contributing employers engaged in the construction industry.

22.   That by the above described omissions and breaches of the Collective Bargaining Agreement by SOVA STEEL the Trustees of the IRON WORKERS LOCAL NO. 25 VACATION PAY PLAN will be unable to provide the payments to the employees covered by such plan of amounts required to be remitted by the employers on their behalf, together with the allocable portions of the earnings and increments thereon, all as in said plan provided.

23.   Plaintiff FUNDS are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreement and is restrained from continuing to refuse to perform as thereunder required.

## COUNT II - Breach of Fiduciary Duty

24.   Plaintiffs reallege and incorporate the allegations as set forth in paragraphs 1 through 23 above as though fully set forth herein.

25.   SOVA is a fiduciary with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that he exercised discretionary authority or control respecting management or disposition of the assets of the plans.

26.   By engaging in the acts and omissions described, SOVA has breached his fiduciary duties regarding the FUNDS within the meaning of 29 USC § 1104(a)(1)(A).

27.   SOVA is personally liable based on breaching his fiduciary duties pursuant to 29 USC §1109(a).

5

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that Defendants, SOVA STEEL, INC. and SOVA GROUP, LLC open THEIR books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiff FUNDS against Defendants, SOVA STEEL, INC., SOVA GROUP, LLC and ALEX M. SOVA, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

### Count III – Alter-Ego/Successor – Sova Group, LLC and SSI Contracting, LLC

28. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

29. Defendant SOVA GROUP, LLC and SSI are entities doing business in the State of Michigan and conducting steel erection work covered by the Collective Bargaining Agreement between the Iron Workers' Local 25 Union and SOVA STEEL.

30. The Collective Bargaining Agreement between SOVA STEEL and the Iron Workers' Local 25 Union contains a provision that indicates that there shall be no double-breasting or any similar device utilized to avoid application of the Collective Bargaining Agreement.

31. SOVA GROUP, LLC and SSI were created and/or maintained in whole or in part to avoid Defendant SOVA STEEL's obligations under the Collective Bargaining Agreement with the Iron Workers' Local Union 25 and its obligations to Plaintiffs in this matter.

32. SOVA GROUP, LLC and SSI are alter-egos of Defendant, SOVA STEEL, and Defendant SOVA GROUP, LLC, SSI and SOVA STEEL are single employers by virtue of their inner-relationships of operations, common ownership and control, common business purpose, and use of the same equipment, and common customers, among other things.

33. As alter-egos of signatory contractor SOVA STEEL, SOVA GROUP, LLC and SSI are bound to the Collective Bargaining Agreement with the Iron Workers' Local 25 and owes contributions to Plaintiff Funds for all work conducted by itself and SOVA STEEL are covered by the Collective Bargaining Agreement.

34. Due to the fact that SOVA GROUP, LLC and SSI is are alter-egos of Defendant SOVA STEEL, they are responsible for SOVA STEEL's breaches of the Collective Bargaining Agreement and SOVA GROUP, LLC and SSI are now responsible for all liabilities of Defendant SOVA STEEL, including the unpaid fringe benefit contributions and liquidated damages as alleged herein.

**WHEREFORE,** Plaintiff Funds request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that the corporate Defendants open their books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiff FUNDS against Defendants SOVA STEEL, INC., SOVA GROUP, LLC, SSI and ALEX M. SOVA, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

### **Count IV – Liability of Alex Sova based on Piercing the Corporate Veil**

35. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 34 above as though fully set forth herein.

36. Defendant SOVA utlizied the corporate structure of the other entities as alter-egos to avoid payment of employment benefit contributions of Defendant SOVA STEEL.

37. Defendant SOVA is the principal of all three corporate Defendants.

38. The fictional shield of the corporate Defendants should be pierced and individual Defendant SOVA should be held liable for the unpaid contributions based on his use of the corporate entities to avoid payment of employees benefits owed to the Funds.

39. A great injustice will be visited upon the Funds if the fictional corporate shield is permitted to be utilized to protect Defendant SOVA from his improper conduct.

**WHEREFORE,** Plaintiff Funds request that this Honorable Court grant the following relief:

F. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

G. Enter an Order that the corporate Defendants open their books and records for a complete payroll audit;

H. Enter a Judgment in favor of Plaintiff FUNDS against Defendants SOVA STEEL, INC., SOVA GROUP, LLC, SSI and ALEX M. SOVA, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

I. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

J.      Any such other, further, or different relief as may be just and equitable under the circumstances.

          Respectfully submitted,

          _____
          David J. Selwocki
          Sullivan, Ward, Asher & Patton, P.C.
          Attorney for Plaintiffs
          25800 Northwestern Hwy., Suite 1000
          Southfield, MI 48037-0222
          248.746.0700
          brogers@swappc.com
          P51375

Dated:   December 1, 2009

W0766620.V2/A35-052347