## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IRON WORKERS' LOCAL NO. 25 PENSION FUND,
IRON WORKERS' LOCAL UNION NO. 25
INDIVIDUAL ACCOUNT RETIREMENT FUND,
IRON WORKERS' HEALTH FUND OF EASTERN
MICHIGAN, IRON WORKERS' LOCAL NO. 25
VACATION PAY FUND, and IRON WORKERS'
APPRENTICE FUND OF EASTERN MICHIGAN,
Trust Funds Established and Administered
Pursuant to Federal Law,

        Plaintiffs/Counter-Defendants,

vs.                                                                          Case No. 2:08-cv-13074-SDC-PJK
                                                                             Hon. Sean F. Cox
SOVA STEEL, INC., a Michigan Corporation,
SOVA GROUP, LLC, a Michigan limited
liability company, ALEX M. SOVA, Individually,
and SSI CONTRACTING, LLC, a Michigan
limited liability company,

        Defendants/Counter-Plaintiffs.

---

| SULLIVAN WARD ASHER & PATTON PC | GERALD VAN WYKE, P.C. |
|---|---|
| By: David J. Selwocki (P51375) | By: Gerald Van Wyke (P21785) |
| 25800 Northwestern Highway, Suite 1000 | Attorney for Defendants |
| PO Box 222 | 5440 Corporate Drive, Suite 250 |
| Southfield, Michigan 48037 | Troy, Michigan 48098-2648 |
| Tel. (248) 746-2759 | Tel. (248) 641-7000 |
| Fax (248) 746-2760 | Fax (248) 641-5120 |
| dselwocki@swappc.com | jwv@uferspan.com |

---

## ANSWER TO AMENDED COMPLAINT

        Defendants state as follows for their Answer to Plaintiffs' Amended Complaint.

        1.        Defendants neither admit nor deny this allegation, being without sufficient

information or belief, and leave Plaintiffs to their proofs.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Defendants admit this allegation in respect of the first sentence. With respect to the second sentence regarding the individual Defendant, Defendants neither admit nor deny and leave Plaintiffs to their proofs.

7.     Defendants neither admit nor deny this allegation, being without sufficient information and belief and leave Plaintiffs to their proofs.

8.     Defendants, Sova Steel and Alex Sova, deny this allegation because it is not true. Defendants, SSI Contracting, LLC, and Sova Group, LLC, neither admit nor deny this allegation, being without sufficient information or belief, and leave Plaintiffs to their proofs.

9.     Defendants neither admit nor deny this legal conclusion, and leave Plaintiffs to their proofs.

10.     Admitted by Sova Steel and Alex Sova as to the period prior to June 1, 2004. This allegation is denied by Sova Steel and Alex Sova as to the period subsequent to that date because Sova Steel was not a party to the collective bargaining agreement after June 1, 2004.

11.     Denied because this allegation is not true. This allegation is neither admitted nor denied by Defendants Sova Group, LLC and SSI Contracting, LLC.

12.     Defendants deny this allegation in that they are not parties to the collective bargaining agreement.

13.    Defendants deny this allegation in that they are not parties to the collective bargaining agreement.

14.    The provisions of the Collective Bargaining Agreement speak for themselves.    Defendants deny this allegation in that they are not parties to the collective bargaining agreement.

15.    Defendants neither admit nor deny this legal conclusion and leave Plaintiffs to their proofs.

16.    Defendants deny this allegation because none of them is a party to a collective bargaining agreement.

## COUNT I

## BREACH OF COLLECTIVE BARGAINING AGREEMENT AND 29 USC 1145

17.    Defendants incorporate the responses set forth in the preceding paragraphs.

18.    Defendants, Sova Steel and Alex Sova, deny this allegation because it is not true; further, the contractual obligations referenced are unspecified and vague.  Defendants, Sova Group and SSI Contracting, LLC, deny this allegation because they have no obligations to pay any obligations to Plaintiffs.

19.    Defendants deny this allegation for the reason that no omissions or breaches of the collective bargaining agreement have occurred by any of them because none of them is a party to the Collective Bargaining Agreement.

20.    Defendants neither admit nor deny this allegation, being without sufficient knowledge or information, except that they deny that they have omitted to act or breached any collective bargaining agreement.

21.    Defendants neither admit nor deny this allegation, being without sufficient knowledge or information, except that they deny that they have omitted to act or breached any collective bargaining agreement.

22.    Defendants neither admit nor deny this allegation, being without sufficient knowledge or information, except that they deny that they have omitted to act or breached any collective bargaining agreement.

23.    Defendants neither admit nor deny this allegation, being without sufficient knowledge or information, except that they deny that they have omitted to act or breached any collective bargaining agreement.

## COUNT II

## **BREACH OF FIDUCIARY DUTY**

24.    Defendants incorporate the responses set forth in the preceding paragraphs.

25.    Defendant, Sova, denies the legal conclusions in this allegation and the other Defendants neither admit nor deny this allegation because it does not apply to them.

26.    Sova denies this allegation because it is vague and ambiguous, referring to acts and omissions that are unspecified; further, Sova denies that he has breached any fiduciary duties regarding the Plaintiffs within the meaning of 29 USC 1104(a)(1)(A).    The other Defendants neither admit nor deny because this allegation does not apply to them.

27.    This allegation is denied by Sova because it is not true.    The other Defendants neither admit nor deny because this allegation does not apply to them.

**WHEREFORE**, Defendants request that this Court dismiss Plaintiffs' Amended Complaint with costs and attorney fees to Defendants.

-4-

## COUNT III

## ALTER EGO/SUCCESSOR-SOVA GROUP, LLC AND SSI CONTRACTING, LLC

28.     Defendants incorporate the responses set forth in the preceding paragraphs.

29.     Sova Group, LLC denies that its work is covered by the collective bargaining agreement and admits that it obtains contracts as a minority business for erecting steel.  SSI admits that it is engaged in doing subcontracted erection work but denies that it is covered by the collective bargaining agreement.

30.     Defendants state that the collective bargaining agreement speaks for itself. Further, none of the Defendants is a signatory to the collective bargaining agreement, and deny any implication of the same.

31.     This allegation is denied for the reason that it is untrue; further, no obligations of Sova Steel have been avoided whatsoever by virtue of the existence of any of these companies.

32.     Denied for the reason that this allegation is not true.

33.     Defendants deny that they are alter egos of each other and deny that any of them is bound by the Collective Bargaining Agreement or owe contributions to the Plaintiffs for Sova Steel work.

34.     Denied for the reason that this allegation is not true.

**WHEREFORE**, Defendants request that this Court dismiss Plaintiffs' Amended Complaint with costs and attorney fees to Defendants.

## COUNT IV

## LIABILITY OF ALEX SOVA BASED ON PIERCING THE CORPORATE VEIL

35.    Defendants incorporate the responses set forth in the preceding paragraphs.

36.    Denied for the reason that this allegation is not true.

37.    Denied because Sova is not the owner of SSI; the owner of SSI is William Mitchell.

38.    Denied for the reason that the allegations in this paragraph are not true and the different corporate Defendants are not fictional nor have they ever been used to avoid making any payment of employee benefits to the Funds.  They each have legitimate business purposes.

39.    Denied for the reason that this allegation is not true and Sova denies that there has been any improper conduct.

**WHEREFORE**, Defendants request that this Court dismiss Plaintiffs' Amended Complaint with costs and attorney fees granted in favor of Defendants.

## AFFIRMATIVE DEFENSES

Defendants state as follows for their affirmative defenses:

1.    Sova Steel served timely notice by letter to the Iron Workers Local No. 25 that they did not intend to remain a signatory to the Collective Bargaining Agreement after June 1, 2004.

2.    None of the Defendants is a signatory to the Collective Bargaining Agreement.

3.    Sova Group, LLC is licensed as a Michigan minority-owned business and accepts work that is not available to SSI Contracting or Sova Steel and has legitimate business purposes separate from any of the other defendants.

4.    SSI Contracting has been owned 100% by William Mitchell since January 1, 2006.

5.    SSI Contracting works as a subcontractor to Sova Group and Sova Steel and has legitimate business purposes separate from the other Defendants.

6.    None of SSI Contracting, Sova Group or Sova Steel has avoided payments of fringe benefits to union workers by contracting with one or another of them.

7.    None of SSI Contracting, Sova Group or Sova Steel has hired any non-union workers for covered work; there is no double-breasting.

8.    All worker reports for fringe benefits have been made with respect to every project ever performed by Sova Steel, Sova Group or SSI Contracting.

9.    There are business purposes for each of the business entities named as Defendants.

10.    Alex Sova is not an employer.

Respectfully submitted,

**GERALD VAN WYKE, P.C.**

/s /Gerald Van Wyke
Gerald Van Wyke (P21785)
5440 Corporate Drive, Suite 250
Troy, MI  48098
(248) 641-7000
jwv@uferspan.com

Dated:  January 15, 2010

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 15, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the E.C.F. system, which will send notification of such filing to the following:

David J. Selwocki                    **dselwocki@swappc.com**

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   None

                                      **GERALD VAN WYKE, P.C.**

                                      */s /Gerald Van Wyke*
                                      Gerald Van Wyke (P21785)
                                      5440 Corporate Drive, Suite 250
                                      Troy, MI  48098
                                      (248) 641-7000
                                      jwv@uferspan.com

Dated:  January 15, 2010

160697/010510/2