UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS' LOCAL 25,
PENSION FUND, *et al*.

      Plaintiffs,

  v.

SOVA STEEL, INC. and ALEX M.
SOVA,

      Defendants.
_____/

Civil Case No. 08-13074

HON. SEAN F. COX
United States District Judge

## OPINION & ORDER DENYING DEFENDANTS' MOTION FOR REHEARING [Doc. No. 40]

Plaintiff Iron Workers' Local 25 Pension Fund *et al*. ("the Plaintiffs") filed this action against Defendants Sova Steel, Inc. ("Sova Steel") and Alex M. Sova ("Sova") on July 16, 2008. On November 18, 2009, the Court granted the Plaintiffs' motions for summary judgment and to amend complaint [*See* Doc. No. 35]. The matter is currently before the Court on the Defendants' motion for rehearing [Doc. No. 40]. The Court declines to hear oral argument pursuant to E.D. MICH. L.R. 7.1(h)(2). For the reasons below, the Court **DENIES** the Defendants' motion [Doc. No. 40].

### STANDARD OF REVIEW

The Court's local rule regarding motions for rehearing states as follows, in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. *The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but must also show that correcting the defect will result in a different disposition of the case.*

1

E.D. MICH. L.R. 7.1(h)(3) (emphasis added).

Motions for reconsideration or rehearing "not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Fish v. Home Depot*, 2010 WL 419980, *4 (E.D. Mich. Feb. 1, 2010), citing *Smith v. Mount Pleasant Schools*, 298 F.Supp.2d 636, 637 (E.D. Mich. 2003).

ANALYSIS

In their motion, the Defendants advance six arguments: 1) that the Sixth Circuit's holding in *Grimaldi Concrete*, 30 F.3d 692 (6th Cir. 1994) is inapplicable in this matter; 2) that the Court should have considered the affidavit of Mark Weisberg in support of its arguments in the prior motions; 3) that Mr. Sova should not have been found personally liable; 4) that the Defendants counterclaim should not have been dismissed; 5) that the Court erred in granting the Plaintiffs' motion to amend; and 6) that the Court erred in striking the Defendants' supplemental brief.

At the outset, the Court notes that the Defendants' motion for rehearing is in violation of the page limitations for motions filed with the Court under E.D. MICH. L.R. 7.1(d)(3)(A). That rule provides that briefs for motions - including motions for rehearing - may not exceed twenty pages without prior approval from the Court. No written request to file a brief in excess of the twenty page limit - another requirement of the local rules - was received by the Court from the Defendants. As such, the Defendants' entire brief in support of its motion for rehearing, by rights, could be stricken by the Court. Nevertheless, the Court will consider the merits of the Defendants' arguments.

As all of the arguments advanced by the Defendants in this motion were either expressly or impliedly considered by the Court in its November 18, 2009 Opinion & Order [Doc. No. 35],

or are new arguments which lack merit, the Court **DENIES** the Defendants' motion for rehearing [Doc. No. 40].[1]

I. Applicability of *Grimaldi* to the Prior Motions.

The Defendants' first argument for rehearing centers around the Court's reliance upon the Sixth Circuit's holding in *Mich. Laborers' Health Care Fund v. Grimaldi Concrete, Inc.*, 30 F.3d 692 (6th Cir. 1994). Under *Grimaldi*, where employers do not maintain adequate records, under the provisions of ERISA "the burden thus shift[s] to [the employer] to prove what work was covered and what was not covered." *Grimaldi*, 30 F.3d at 696. In reliance upon *Grimaldi*, this Court found as follows:

> In conclusion, the Court finds that, under *Grimaldi*, the Defendants have come forward with inadequate records to dispute the validity of the November 10, 2008 audit[.]

[November 18, 2009 Opinion & Order, Doc. No. 35, p.6].

The Court notes that the Plaintiffs cited - and relied extensively upon - the *Grimaldi* holding in their briefs in support of the prior motions. [*See, e.g.*, Doc. No. 14, pp.6-8; Doc. No. 29, pp.3-4]. In light of this extensive reliance upon *Grimaldi* by the Plaintiffs, the Defendants had ample opportunity to dispute the applicability of *Grimaldi* if they so chose. No such argument was made by the Defendants in the prior motions, however.

Now, after losing on the merits of their arguments in the prior motions, the Defendants - for the first time in this litigation - dispute the applicability of *Grimaldi* to the facts of this case. [*See* Defs.' Br., Doc. No. 40, pp.12-14]. As this issue was impliedly considered by the Court in

---

[1] The Plaintiffs have filed a "motion to file response to Defendants' motion for rehearing." [Doc. No. 42]. As the Court ultimately denies the Defendants' motion for rehearing, the Court **DENIES** the Plaintiffs' motion [Doc. No. 42] **AS MOOT**.

the prior motions, this argument by the Defendants is an attempt "to advance positions that could have been argued earlier but were not." *Fish v. Home Depot*, 2010 WL 419980, *4 (E.D. Mich. Feb. 1, 2010). The Defendants, therefore, have waived this argument.

On the merits of Defendants' argument, the Court also disagrees with the Defendants on the applicability of *Grimaldi* for the reasons stated in its November 18, 2009 Opinion & Order [Doc. No. 35]. The Defendants' arguments to the contrary are without merit.

II. The Weiseberg Affidavit.

In support of their prior opposition to the Plaintiffs' motions, the Defendants attached an *unsigned*, *un-notarized* "affidavit" of Sova Steel's Controller, Mark Weisberg. [*See* Def.'s Ex. A, Doc. No. 24]. In support of their instant motion for rehearing, the Defendants concede that no signed copy of the Weisberg Affidavit was submitted with their brief, and further state as follows:

> At the time the [affidavit] was signed, it could not be delivered to counsel in time for the filing; in the case of the Weisberg affidavit, it was signed, but not notarized in time for filing. Thus, a note was included on the signature lines stating that the originals would be supplied at the time of hearing. Defendants acknowledge that this is not in accordance with the [federal rules], and that Defendants counsel did not have the originals of those Affidavits with him at the hearing.

[Def.'s Br., Doc. No. 40, pp.14-15].

Sixth Circuit case law is clear that federal courts cannot consider the contents of unsigned affidavits. *See, e.g., United States v. Walls*, 546 F.3d 728, 740 (6th Cir. 2008); *Nassif Ins. Agency, Inc. v. Civic Prop. & Cas. Co.*, 2005 WL 712578, *3 (6th Cir. Mar. 30, 2005). The Defendants were given every opportunity to produce a *signed* and *notarized* affidavit comporting with the requirements of FED. R. CIV. P. 56 prior to - indeed, even *during* - the hearing, and no

4

such affidavit was produced by the Defendants.

The Defendants are correct that the Court, in its November 18, 2009 Opinion & Order [Doc. No. 35], did not formally strike the Weisberg Affidavit. Candidly, the Court considered that step unnecessary at the time, as the *contents* of that affidavit were insufficient to support the merits of the Defendants' arguments. To the extent that the Defendants seek guidance on whether the Court considered the Weisberg Affidavit in the November 18, 2009 Opinion & Order, however, the Court did *not* - and now **STRIKES** the Weisberg Affidavit [Defs.' Ex. A, Doc. No. 24] **AS IMPROPER UNDER FED. R. CIV. P. 56**.

In their instant motion [Doc. No. 40] - notwithstanding the procedural deficiencies of the Weisberg Affidavit - the Defendants argue that the document should have been considered by the Court "in the interests of justice, taking into account the large amount of money involved and the significant amount of factual issues demonstrated." [Doc. No. 40, p.15]. The Court disagrees. No legal justification has been provided by the Defendants for such an extraordinary remedy. Furthermore, as the Court noted in its November 18, 2009 Opinion & Order, the Weisberg Affidavit merely contained unsupported assertions devoid of any documentary support. [*See* Doc. No. 35, pp.5-7]. The Defendants' arguments to the contrary are without merit.

    III.  <u>Personal Liability for Alex Sova</u>.

In the November 18, 2009 Opinion & Order, the Court found Mr. Sova liable for the unpaid funds as a matter of law, as Ms. Sova was a "fiduciary" over plan assets as outlined in *Brock v. Henderson*, 840 F.3d 339 (6th Cir. 1988). In so holding, the Court noted that "[t]he Defendants do not offer any argument or direct the Court to any evidence indicating that Alex

Sova is not a fiduciary, or that he did not breach his fiduciary duties." [Doc. No. 35, p.8].

Arguing that this holding by the Court was "simply an error," the Defendants now raise several arguments why this Court should *not* find Mr. Sova personally liable. [*See* Defs.' Br., Doc. No. 40, pp.17-19]. As these arguments "advance positions that could have been argued earlier but were not," *Fish v. Home Depot*, 2010 WL 419980, *4 (E.D. Mich. Feb. 1, 2010), the Court will not consider them now. Defendants' arguments to the contrary are without merit.

    IV.  <u>The Defendants' Counterclaim</u>.

The Defendants argue that the Court erred in granting the Plaintiffs' motion for summary judgment on the Defendants' counterclaim - relying primarily upon their contention that the Court misapplied the Fifth Circuit's holding in *Jamail, Inc. v. Carpenter's Dist. Council of Houston*, 954 F.2d 299 (5th Cir. 1992). [*See* Doc. No. 40, pp.19-21]. The Court disagrees.

First and foremost, the entirety of the Court's discussion in the November 18, 2009 Opinion & Order assumed, *arguendo*, that the Defendants' counterclaim *could* otherwise evidence that the funds' refund denial under 29 U.S.C. § 1103 was "arbitrary and capricious as measured by equitable principles." [*See* Doc. No. 35, p.10, citing *B&B Elec. Co., Inc. v. Electrical Workers Local Union No. 369 Retirement Fund*, 249 F.Supp.2d 865, 868 (W.D. Ky. 2003)]. No evidence was shown by the Defendants, however, that the Plaintiffs' decision to deny refunding overpayments was arbitrary or capricious, however.

Further, as the Court noted in its November 18, 2009 Opinion & Order, the Fifth Circuit's holding in *Jamail* is not necessarily binding on this Court. [*See* Doc. No. 35, p.11]. Further, under the merits of *Jamail*'s arguments, the Court found that the equities of this case did not merit relief for the Defendants:

> This case does not raise such [equitable] concerns. Here, by contrast [to the scenario in *Jamail*], Sova Steel had an ongoing dispute with the Plaintiffs for *years* about alleged overpayments before Sova Steel decided to file this lawsuit. No equitable reason exists in this matter to disregard Michigan's six-year statute of limitations under M.C.L. § 600.5807(8).

[Doc. No. 35, p.11].

Further, for the first time in this motion, the Defendants contend that Michigan's six-year statute of limitations does not apply to this case. [*See* Defs.' Br., Doc. No. 40, p.21]. Again, this argument is simply an attempt to "advance positions that could have been argued earlier but were not." *Fish v. Home Depot*, 2010 WL 419980, *4 (E.D. Mich. Feb. 1, 2010). The Court's November 18, 2009 Opinion & Order laid out exactly why the six-year statute of limitations applies to this matter, and the Defendants offer no convincing argument evidencing an error in that holding. The Defendants' arguments to the contrary are without merit.

V. <u>The Plaintiffs' Motion to Amend</u>.

In the November 18, 2009 Opinion & Order, the Court granted the Plaintiffs leave to amend their complaint to add causes of action against two additional corporate entities: Sova Group, LLC and SSI Contracting, LLC, as well as an additional cause of action against Mr. Sova under a theory of liability for piercing the corporate veil. The Court held as follows:

> In the instant case, there is evidence to suggest that [Mr.] Sova was operating at least two steel erection entities: Sova Steel and Sova Group, and that these entities both bid the same type of work, have the same contractors, and work out of the same location with the same or similar management personnel. Further, [Mr.] Sova is involved with SSI Contracting as its president, and SSI Contracting handles the payroll obligations for Sova Group. Given these facts, the Court finds that the Plaintiffs' motion to amend is not futile.

[Doc. No. 35, pp.13-14].

In their motion for rehearing, the Defendants argue that the Court erroneously found that

7

"Sova Steel [and Sova Group] bid on steel erection projects, but Sova Steel only bids on jobs requiring union labor while Sova Group bids on projects not requiring union labor." [Defs.' Br., Doc. No. 40, p.21]. While the Court finds that, upon review of Mr. Sova's deposition testimony [*see* Pl.'s Ex. E, Doc. No. 20, pp.10-12] that the above quote was an accurate statement of Mr. Sova's testimony, even assuming *arguendo* that this *was* a mischaracterization of Mr. Sova's testimony, such would not warrant a different outcome to the Court's holding granting Plaintiffs' motion to amend. The Defendants' arguments to the contrary are without merit.

    VI.  The Defendants' Stricken Supplemental Brief.

The Defendants' sixth and final argument for rehearing centers around the Court's failure to consider the Defendants' October 19, 2009 supplemental brief [Doc. No. 32]. While the Court did not formally strike this supplemental brief, it did not rely upon the brief in its November 18, 2009 Opinion & Order as it was untimely and not proper for consideration under the Court's Local Rules.[2]

The Defendants themselves concede that it was within the Court's discretion to disregard this untimely-filed material. [*See* Defs.' Br., Doc. No. 40, p.22]. Nothing in the Defendants' current argument for rehearing demonstrates an abuse of the Court's discretion to disregard the supplemental brief [Doc. No. 32], and the Defendants' arguments to the contrary are without merit.

---

[2] Upon review of the docket, the Court notes that, on October 20, 2009, the Plaintiffs filed a motion to strike this supplemental brief filed by the Defendants. [*See* Doc. No. 34]. The Court has not, to date, ruled upon this motion. As the Court has discretion to consider documents filed outside the Court's timetable for motion practice [*See* E.D. Mich. L.R. 7.1], and because the Defendants' supplemental brief [Doc. No. 32] was untimely and not in accordance with the Court's Local Rules, the Court **GRANTS** the Plaintiffs' motion to strike [Doc. No. 34], and **STRIKES** the Defendants supplemental brief [Doc. No. 32] from the record.

CONCLUSION

For the reasons explained *supra*, the Defendants' motion for rehearing [Doc. No. 40] is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 9, 2010

S/ Sean F. Cox
Sean F. Cox
United States District Court Judge

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on August 9, 2010.

s/Jennifer Hernandez
Case Manager to
District Judge Sean F. Cox